UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RALPH SANDERS,

    Plaintiff,
vs.

SUN LIFE ASSURANCE COMPANY OF
CANADA,

    Defendant.
_____

## COMPLAINT

The Plaintiff, Ralph Sanders ("SANDERS"), by and through the undersigned counsel, hereby sues Sun Life Assurance Company of Canada and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. SANDERS was at all times relevant a plan participant under the Temenos USA

Inc. Group Term Insurance Policy, Policy No.: 212290 ("LTD" Plan).[1]

3. Defendant, SUN LIFE, is a corporation with its principal place of business in the State of Massachusetts, authorized to transact and transacting business in the Southern District of Florida. SUN LIFE is the insurer of benefits under the Temenos USA Inc. LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, SUN LIFE administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The SUN LIFE LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Temenos USA Inc. under which SANDERS was a participant, and pursuant to which SANDERS is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, SANDERS is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as SANDERS remains disabled as required under the terms and conditions of the LTD Plan.

6. Venue is proper in this district under 29 U.S.C. 1132(e)(2), in that defendant, SUN LIFE, is authorized to and is doing business within the Southern District of Florida and SANDERS is a resident of Broward County, Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. §1132(a)(1)(B)**

7. SANDERS incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, SANDERS was an employee or former employee of Temenos USA Inc. and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of SANDERS's employment, SANDERS became entitled to

---
[1] A copy of the LTD Plan is attached as Exhibit "A"

benefits under the terms and conditions of the LTD Plan. Specifically, while SANDERS was covered under the LTD Plan, SANDERS suffered a disability as a result of a Sickness as defined by the policy, rendering him disabled as defined under the terms of the LTD Plan. Due to concerns of privacy, the nature of his disabling condition is discussed in detail within the administrative record.

10. SANDERS worked for Temenos in his capacity as a Data Migration Coordinator/Technical Consultant.

11. Disability is defined under the LTD Plan to mean the Employee, because of Injury or Sickness, is (1) unable to perform the material and substantial duties of his own occupation and (2) is not engaged in any occupation for wage or profit.

12. Material and Substantial Duties means, but is not limited to, the essential tasks, functions, skills or responsibilities required by employers for the performance of the Employee's Own Occupation. Material and Substantial Duties does not include any tasks, functions, skills or responsibilities that could be reasonably modified or omitted from the Employee's Own Occupation.

13. Own Occupation means the usual and customary employment, business, trade, profession or vocation that the Employee performed as it is generally recognized in the national economy immediately prior to the first date Total or Partial Disability began. Own Occupation is not limited to the job or position the Employee performed for the Employer or performed at any specific location.

14. The LTD Plan also contains 24 month limitations on LTD benefits for disabilities caused by Mental Illness and Musculoskeletal and Connective Tissue Illness.

15. Pursuant to the terms of the LTD Plan, SANDERS notified SUN LIFE of him

intent to file a claim for long term disability benefits with an effective date of disability of August 29, 2013, with an effective date of disability following the 180 day elimination period under the LTD plan of March 5, 2014.

16. SUN LIFE initially denied SANDERS' claim for LTD benefits on August 12, 2014, due to a lack of medical support and Temenos's failure to provide necessary information.

17. Through counsel SANDERS appealed this adverse determination on December 15, 2014.

18. On January 21, 2015, SUN LIFE approved benefits for a limited time through August 31, 2014, and notified SANDERS that his benefits beyond that date were subject to further review of additional updated medical records from September 1, 2014 forward.

19. Following additional review of medical information SUN LIFE advised SANDERS on May 18, 2015, that claim for benefits was only approved through January 12, 2015, and denied the remainder of his claim.

20. On November 13, 2015, SANDERS properly appealed this adverse determination.

21. On January 12, 2016, SUN LIFE notified SANDERS that it was upholding the denial of his claim for benefits.

22. SANDERS has exhausted his administrative remedies.

23. SUN LIFE breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to SANDERS at a time when SUN LIFE and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as SANDERS was disabled and unable to work and therefore entitled to benefits.

   b. After SANDERS's claim was denied in whole or in part, SUN LIFE failed to

    adequately describe to SANDERS any additional material or information necessary for SANDERS to perfect his claim along with an explanation of why such material is or was necessary.

  c. SUN LIFE failed to properly and adequately investigate the merits of SANDERS's disability claim and failed to provide a full and fair review of SANDERS's claim at the time of the initial termination of benefits.

24. SANDERS believes and alleges that SUN LIFE wrongfully denied his claim for LTD benefits under the LTD Plan by other acts or omissions of which SANDERS is presently unaware, but which may be discovered in this future litigation and which SANDERS will immediately make SUN LIFE aware of once said acts or omissions are discovered by SANDERS.

25. As a proximate result of the aforementioned wrongful conduct of SUN LIFE under the LTD Plan, SANDERS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

26. As a further direct and proximate result of this improper determination regarding SANDERS's claim for benefits, SANDERS, in pursuing this action, has been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), SANDERS is entitled to have such fees and costs paid by SUN LIFE.

27. The wrongful conduct of SUN LIFE has created uncertainty where none should exist; therefore, SANDERS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his rights to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Ralph Sanders prays for relief against Sun Life Assurance Company of

Canada as follows:

    1.    Payment of disability benefits due Plaintiff;

    2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

    3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

    4.    Pursuant to 29 U.S.C. § 1132(g), payment of all attorney's fees and costs incurred in pursuing this action;

    5.    Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

    6.    Such other and further relief as this Court deems just and proper.

DATED: April 21, 2016.

                              ATTORNEYS DELL AND SCHAEFER, CHARTERED
                              Attorneys for Plaintiff
                              2404 Hollywood Boulevard
                              Hollywood, FL 33020
                              Telephone: (954) 620-8300

                              __/s/ *Stephen F. Jessup*_____
                              STEPHEN F. JESSUP, ESQUIRE
                              Florida Bar No.: 0026264
                              Email: stephen@diattorney.com