UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RALPH SANDERS,

                Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

                Defendant.

Civil Action No.: 0:16-cv-60879-FAM

## ANSWER

Sun Life Assurance Company of Canada ("Sun Life") answers Plaintiff's Complaint as follows:

1. In response to Paragraph 1 of the Complaint, Sun Life admits that Plaintiff brings an action under ERISA and that this Court has jurisdiction under ERISA, but denies that Plaintiff is entitled to any relief with respect thereto. Sun Life denies the remaining material allegations in Paragraph 1 unless expressly admitted.

2. In response to Paragraph 2 of the Complaint, Sun Life admits that it issued a group insurance policy (the "Policy") to Plaintiff's former employer, Temenos USA, Inc. ("Temenos"), which funds, in part, Temenos's employee welfare benefit plan. Sun Life admits that Plaintiff was at one time insured under the Policy. Sun Life further states that the Policy, which is set forth in the administrative record, speaks for itself and denies the allegations to the extent incomplete or inconsistent with the terms of the Policy. Sun Life denies the remaining allegations in Paragraph 2 unless expressly admitted.

3.     In response to the first sentence of Paragraph 3, Sun Life admits that it is an insurance company with a place of business in Massachusetts and that it is licensed in Florida. In response to the second sentence of Paragraph 3, Sun Life admits that it issued the Policy, which funds, in part, Temenos's employee welfare benefit plan. Sun Life denies that it "acted in the capacity of a plan administrator." Rather, consistent with the terms of the Policy, which is set forth in the administrative record and speaks for itself, Sun Life was the claims administrator responsible for making benefits determinations under the Policy. Sun Life denies the allegations contained in the third sentence of Paragraph 3 of the Complaint. Sun Life denies the remaining allegations in Paragraph 3 unless expressly admitted.

4.     In response to Paragraph 4 of the Complaint, Sun Life denies that Plaintiff sought benefits under the "Sun Life LTD Plan." Sun Life admits that it issued the Policy to Temenos, which funds, in part, Temenos's employee welfare benefit plan and that the Policy is governed by ERISA. Sun Life admits that Plaintiff was at one time insured under the Policy. Sun Life further states that the Policy, which is set forth in the administrative record, speaks for itself and denies the allegations to the extent incomplete or inconsistent with the terms of the Policy. Sun Life denies the remaining allegations in Paragraph 4 unless expressly admitted.

5.     Sun Life denies the allegations contained in Paragraph 5 of the Complaint.

6.     In response to Paragraph 6 of the Complaint, Sun Life admits that it is not challenging venue at this time and that it is licensed in Florida. Sun Life is without knowledge or information sufficient to form a belief as to Plaintiff's current residence. Sun Life denies the allegations in Paragraph 6 unless expressly admitted.

7.     Sun Life repeats and realleges every answer set forth in Paragraphs "1" through "6" as if fully set forth at length herein.

8. In response to Paragraph 8 of the Complaint, Sun Life admits that Plaintiff was at one time an employee of Temenos and at one time insured under the Policy. Sun Life further states that the Policy, which is set forth in the administrative record, speaks for itself and denies the allegations to the extent incomplete or inconsistent with the terms of the Policy. Sun Life denies the allegations in Paragraph 8 unless expressly admitted.

9. In response to Paragraph 9 of the Complaint, Sun Life admits that Plaintiff stopped working and filed a claim for LTD benefits under the Policy and that Sun Life initially concluded that Plaintiff met his burden of proving disability and paid him LTD benefits from March 6, 2014 through January 12, 2015, after which Sun Life concluded that Plaintiff failed to meet his burden of proving he was disabled under the Policy. Sun Life denies the allegations contained in Paragraph 9 unless expressly admitted.

10. In response to Paragraph 10 of the Complaint, Sun Life admits that Plaintiff was at one time employed by Temenos as a Data Migration Coordinator/Technical Consultant. Sun Life denies the allegations contained in Paragraph 10 unless expressly admitted.

11. In response to Paragraph 11 of the Complaint, Sun Life states that the Policy, which is set forth in the administrative record, speaks for itself. Sun Life denies the allegations contained in Paragraph 11 to the extent incomplete or inconsistent with the terms of the Policy.

12. In response to Paragraph 12 of the Complaint, Sun Life states that the Policy, which is set forth in the administrative record, speaks for itself. Sun Life denies the allegations contained in Paragraph 12 to the extent incomplete or inconsistent with the terms of the Policy.

13. In response to Paragraph 13 of the Complaint, Sun Life states that the Policy, which is set forth in the administrative record, speaks for itself. Sun Life denies the allegations contained in Paragraph 13 to the extent incomplete or inconsistent with the terms of the Policy.

14. In response to Paragraph 14 of the Complaint, Sun Life states that the Policy, which is set forth in the administrative record, speaks for itself. Sun Life denies the allegations contained in Paragraph 14 to the extent incomplete or inconsistent with the terms of the Policy.

15. In response to Paragraph 15 of the Complaint, Sun Life admits that Plaintiff submitted a claim form to Sun Life initiating a long-term disability ("LTD") claim, which states that his last date worked was August 26, 2013. Plaintiff's claim forms are set forth in the administrative record and speak for themselves. Sun Life denies the allegations contained in Paragraph 15 to the extent incomplete or inconsistent with those forms. Sun Life further admits that, under the Policy, Plaintiff had to remain disabled through a 180-day elimination period (ending March 5, 2014) before LTD benefits were payable under the Policy.

16. In response to Paragraph 16 of the Complaint, Sun Life admits that, by letter dated August 12, 2014, which is set forth in the administrative record and speaks for itself, it notified Plaintiff that his LTD claim was denied because Temenos failed to supply information necessary for Sun Life to administer his claim. Sun Life denies the allegations contained in Paragraph 16 to the extent they are incomplete or inconsistent with the letter.

17. In response to Paragraph 17 of the Complaint, Sun Life admits that Plaintiff submitted an administrative appeal to Sun Life by letter dated December 15, 2014. The letter and documents submitted in conjunction therewith are set forth in the administrative record and speak for themselves. Unless expressly admitted, Sun Life denies the allegations contained in Paragraph 17.

18. In response to Paragraph 18 of the Complaint, Sun Life admits that by letter dated January 21, 2015, which is set forth in the administrative record and speaks for itself, it notified Plaintiff that he met his burden of proving disability due to depression from his date of disability

(August 29, 2013) until August 31, 2014.  Sun Life admits that its letter notified Plaintiff that his claim was subject to a Policy provision limiting LTD benefits to 24-months for disabilities, like Plaintiff's, that are due to mental illness.  Sun Life admits that its letter notified Plaintiff that he had to submit updated medical proof beyond August 31, 2014.  Sun Life denies the allegations contained in Paragraph 18 to the extent they are incomplete or inconsistent with the letter.

19. In response to Paragraph 19 of the Complaint, Sun Life admits that by letter dated January 30, 2015, Plaintiff appealed Sun Life's January 21, 2015 determination.  Sun Life admits that it obtained and evaluated updated medical proof and notified Plaintiff by letter dated May 18, 2015, that Plaintiff met his burden of proving disability due to depression from September 1, 2014 through January 12, 2015, after which there was no medical proof of disability due to depression or any other condition.  Sun Life states that its May 18, 2015 letter is set forth in the administrative record and speaks for itself.  Sun Life denies the allegations contained in Paragraph 19 to the extent they are incomplete or inconsistent with the letter.

20. In response to Paragraph 20 of the Complaint, Sun Life admits that Plaintiff submitted an administrative appeal to Sun Life by letter dated November 13, 2015. The letter and documents submitted in conjunction therewith are set forth in the administrative record and speak for themselves.  Sun Life denies the allegations contained in Paragraph 20 to the extent they are incomplete or inconsistent with the appeal.

21. In response to Paragraph 21 of the Complaint, Sun Life admits that by letter dated January 12, 2016, which is set forth in the administrative record and speaks for itself, it notified Plaintiff that its prior determination that he failed to meet his burden of proving disability beyond January 12, 2015, was correct.  Sun Life denies the allegations contained in Paragraph 21 to the extent they are incomplete or inconsistent with the letter.

22.     In response to Paragraph 22 of the Complaint, Sun Life admits that Plaintiff took the administrative appeal that the Policy requires. Otherwise, Sun Life denies the allegations contained in Paragraph 22.

23.     Sun Life denies the allegations contained in Paragraph 23 of the Complaint.

24.     Sun Life denies the allegations contained in Paragraph 24 of the Complaint.

25.     Sun Life denies the allegations contained in Paragraph 25 of the Complaint.

26.     Sun Life denies the allegations contained in Paragraph 26 of the Complaint.

27.     Sun Life denies the allegations contained in Paragraph 27 of the Complaint.

## FIRST DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Policy including, without limitation, the provision limiting benefits for disabilities due to mental illness.

## THIRD DEFENSE

Sun Life has complied with and performed all of its promises, obligations and duties to Plaintiff and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

## FOURTH DEFENSE

Plaintiff's demand for attorney's fees should not be granted under ERISA because Sun Life handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

## FIFTH DEFENSE

Each and every act or statement done or made by Sun Life and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Sun Life's rights and, therefore, was privileged and/or justified.

## SIXTH DEFENSE

Sun Life's decisions were neither arbitrary nor capricious nor incorrect.

## SEVENTH DEFENSE

Sun Life has reasonably and substantially complied with all applicable regulations.

## EIGHTH DEFENSE

The Policy, in whole or in part, contain monthly benefits reductions, including but not limited to reductions for retirement benefits, other income and Social Security benefits.  Even if Plaintiff is eligible for benefits, which Sun Life denies, Sun Life is entitled to offset payment of benefits by other income.

## NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits, which Sun Life denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits given, inter alia, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## REQUESTED RELIEF

Defendant Sun Life respectfully requests: (i) that the Court dismiss Plaintiff's claims against Sun Life with prejudice and that judgment be entered in Sun Life's favor on such claims; (ii) that Sun Life be awarded its costs of suit incurred herein, including reasonable attorneys'

fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted,

HINSHAW & CULBERTSON, LLP

/s/ Leonor M. Lagomasino
Leonor Maria Lagomasino
Florida Bar No: 750018
Hinshaw & Culbertson, LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, Florida 33134
Telephone No: 305-358-7747
Facsimile No: 305-577-1063
Email: llagomasino@hinshawlaw.com
Secondary Email: ellampallas@hinshawlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, I electronically filed Defendant's Answer and Counterclaim using the CM/ECF system which will send notification of such filing(s) to the following:

STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com

By: /s/ Leonor M. Lagomasino
Leonor M. Lagomasino

*Attorneys for Defendant*
